**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

In re:                              )    BAP No.   SC-14-1189-KuJuKi
                                    )
WOLFGANG PATERNO,                   )    Bk. No.   13-06182
                                    )
               Debtor.              )
_____)
MESA PINES HOMEOWNER'S              )
ASSOCIATION,                        )
                                    )
               Appellants,          )
                                    )
v.                                  )    **MEMORANDUM**[*]
                                    )
WOLFGANG PATERNO,                   )
                                    )
               Appellee.            )
_____)

Argued and Submitted on January 22, 2015
at Pasadena, California

Filed – February 20, 2015

Appeal from the United States Bankruptcy Court
for the Southern District of California

Honorable Christopher B. Latham, Bankruptcy Judge, Presiding

————————

Appearances:    Cindy A. Brand argued for appellant Mesa Pines
                Homeowner's Association.[**]

————————

Before: KURTZ, JURY and KIRSCHER, Bankruptcy Judges.

————————

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

[**]Appellee Wolfgang Paterno has not actively participated in this appeal.

**INTRODUCTION**

The Mesa Pine Homeowners Association filed a proof of claim in Wolfgang Paterno's chapter 13[1] bankruptcy case. The claim was based on fines the Association imposed against Paterno for violating certain restrictions regarding the use of his real property. Paterno objected to the claim, and the bankruptcy court sustained the objection, holding in relevant part that the Association's claim was time barred under the applicable statute of limitations, Cal. Civ. Proc. Code ("CCP") § 336(b).

On appeal, the Association contends that CCP § 336(b) was not applicable to its claim because the claim was in essence an action to recover possession of common area property that Paterno's home improvements encroached on. We disagree. The claim was nothing more than an action for money (fines) for violation of the Association's real property restrictions, which action squarely falls within the scope of CCP § 336(b). Accordingly, we AFFIRM.

**FACTS**

Paterno's home is located in a planned community governed by the Association and is subject to a recorded Amended Declaration of Restrictions. The stated restrictions run with the land and are binding on all homeowners within the community and their successors. Among other restrictions, Paterno was prohibited from making any exterior improvements without first obtaining the

---

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

written approval of the Association's board of directors or the board's architectural review committee. The Amended Declaration of Restrictions gave the Association broad authority over such improvements:

> **6.2 Standard of Review.** The Board shall be the final arbiter with regard to approval of any improvement regardless of but not limited to the nature, kind, shape, size, height, materials and color scheme.

Amended Declaration of Restrictions (May 4, 1994) at ¶ 6.2.

In July and September of 2006, Paterno appeared at and participated in two Association board meetings. According to the minutes from the July board meeting, Paterno appeared at the July meeting at the board's request to discuss his ongoing front yard improvements and certain alleged violations of the Association's restrictions. During that meeting, Paterno requested help from the board in determining the boundary lines of his lot. The president of the board told Paterno in response that, if Paterno "did not know where [his] property lines were located," he should "have a survey completed." Gambill Decl. (Feb. 18, 2014) at ¶ 6. The board president reiterated this point in a letter he caused to be sent to Paterno shortly after the meeting. The letter further advised Paterno that the board was not responsible for assisting homeowners in determining their property lines.

At the September board meeting, Paterno presented his proposed plans for improving his back yard and side yards. The landscaping and hardscaping plans Paterno submitted contemplated the construction of walls on Paterno's lot up to edges of the property. The board did not require Paterno to obtain and submit a site survey verifying that none of his improvements would

3

extend beyond his property lines and thereby encroach on the community's common area, which the Association had a duty to manage and maintain. Instead, the board approved Paterno's proposed improvements with only two minor exceptions, one relating to a shed and the other related to the color of his fencing. Paterno thereafter went ahead with the construction of his improvements.[2]

Roughly five years elapsed with nothing relevant occurring. Then, in October 2011, Paterno sent a letter to the Association threatening to sue unless the Association constructed a retaining wall on the common area slope behind his house to reduce the risk of mudslides and erosion. In response, the Association ordered a

---

[2]The Association's papers are equivocal regarding what Paterno's landscaping plans indicated regarding the boundary lines of his lot. On the one hand, Association president Paul Gambill submitted declaration testimony stating that "[t]he plans show that all improvements are within the boundaries of the property." Gambill Decl. (Feb. 18, 2014) at ¶ 10. On the other hand, Gambill later submitted additional declaration testimony referring to the exact same plans and stating that "the drawings submitted by the Debtor to [the Association] did not include his property's boundary lines." Gambill Decl. (Feb. 28, 2014) at ¶ 5. It is difficult to reconcile these two statements. If Gambill and the Association understood from the plans that all of Paterno's proposed improvements were within the "boundaries of the property" as Gambill first declared, how is it that Gambill and the Association obtained this understanding? In any event, the bankruptcy court found that Paterno's landscaping plans submitted to the Association "contemplated the construction of walls that would extend to the Property's edge." Order Sustaining Claim Objection (April 3, 2014) at p. 2. On appeal, the Association has not challenged this finding. In fact, the Association's opening brief contains a virtually identical statement in its recitation of the facts. Aplt. Opn. Brf. at p. 7. We generally accept as true findings not disputed on appeal. See Sachan v. Huh (In re Huh), 506 B.R. 257, 272 (9th Cir. BAP 2014) (en banc).

4

survey to determine the boundary lines of Paterno's lot, and the survey concluded that some of Paterno's 2006 improvements encroached on the Association's common area by three to six feet.

The Association then notified Paterno of the alleged encroachment and directed him either to order his own competing survey or to remove the encroaching improvements. Paterno took neither of these actions. Consequently, over the course of several months, the Association levied several thousand dollars in fines against Paterno explicitly because Paterno's alleged encroachment onto the common area violated certain restrictions set forth in the Amended Declaration of Restrictions. In particular, the Association pointed to ¶ 1.8 of the restrictions, which indicated that the common areas of the development were for the "common use and enjoyment" of all of the owners. In addition, ¶ 2.1 of the restrictions provided:

> Every owner of a Lot shall have a right and easement of ingress and egress and of enjoyment in and to the Common area which shall be appurtunant to and shall pass with title to every such Lot . . . .

Amended Declaration of Restrictions (May 4, 1994) at ¶ 2.1.

When Paterno did not pay the fines, the Association filed a complaint against Paterno in 2012 in the Small Claims Division of the San Diego County Superior Court. However, before the completion of trial, the Association voluntarily dismissed its complaint.

Paterno filed his chapter 13 bankruptcy petition on June 13, 2013, and the Association filed its proof of claim on October 2, 2013. On its face, the proof of claim is based on "HOA Fine – Violation of governing documents." Paterno then filed his claim

5

objection, in which he asserted, among other things, that the Association's claim was time barred under the statute of limitations set forth in CCP § 336(b). This assertion was not new, and it should not have been any surprise to the Association, inasmuch as Paterno had made this same argument in response to the Association's state court complaint. Oddly, in its papers responding to the claim objection, the Association largely ignored Paterno's statute of limitations defense.[3]

After holding two hearings on the claim objection and directing the parties to submit additional evidence, the bankruptcy court entered its order sustaining Paterno's claim objection. The bankruptcy court explicitly found that the Association should have suspected in 2006, when Paterno's improvements were made, that they might encroach on the common area. The court noted that, at the time Paterno submitted his landscaping plans to the Association's board of directors in September 2006, the board had reason to suspect that there might be an encroachment issue in light of Paterno's admitted ignorance of his boundary lines just two months before at the July 2006 board meeting. According to the court, if the Association had

---

[3]In its appeal brief, the Association states that the bankruptcy court "did not allow briefing" on the statute of limitations issue. We are perplexed by this statement given the advance warning the Association had regarding this issue and the absence of anything in the record indicating that the Association requested supplemental briefing or that the bankruptcy court denied that request. It is possible that briefing was discussed at one or both of the two hearings on the claim objection, but the Association declined to provide us with the transcripts from either hearing. In addition, the statute of limitations defense was mentioned in the initial declaration of Paterno filed in support of the claim objection.

been acting in a reasonably diligent manner, it would have required Paterno to obtain at his cost a survey establishing the boundaries of his lot as a prerequisite to the Association's approval of the improvements.

Consequently, the bankruptcy court held that the applicable five-year statute of limitations under CCP § 336 began to run in 2006. Because the Association's proof of claim was not filed until October 2013, well after the expiration of the five-year limitations period, the court concluded that the Association's claim was time barred.

The Association timely filed a notice of appeal.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A), (B) and (O). We have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Did the bankruptcy court commit reversible error when it sustained Paterno's objection to the Association's claim?

**STANDARDS OF REVIEW**

In appeals arising from a ruling on a claim objection, we review the bankruptcy court's conclusions of law de novo and its findings of fact under the clearly erroneous standard. See Allen v. U.S. Bank, NA (In re Allen), 472 B.R. 559, 564 (9th Cir. BAP 2012). Factual findings are not clearly erroneous unless they are illogical, implausible or without support in the record. Retz v. Samson (In re Retz), 606 F.3d 1189, 1196 (9th Cir. 2010) (citing United States v. Hinkson, 585 F.3d 1247, 1261-62 & n.21 (9th Cir. 2009) (en banc)).

7

**DISCUSSION**

Under § 502(b)(1), a claim must be disallowed if the claim is unenforceable under applicable nonbankruptcy law. <u>Durkin v. Benedor Corp. (In re G.I. Indus., Inc.)</u>, 204 F.3d 1276, 1281 (9th Cir. 2000). The grounds for disallowance that may be asserted in support of a § 502(b)(1) claim objection include those defenses that would be available to the debtor under state law. <u>Id.</u> In disallowing the Association's claim, the bankruptcy court applied California's five-year statute of limitations set forth in CCP § 336(b). That statute fixes a five year limitations period for actions for violation of a restriction affecting real property and further provides that the limitations period begins to run "from the time the person seeking to enforce the restriction discovered or, through the exercise of reasonable diligence, should have discovered the violation." CCP § 336(b); <u>see also</u> Harry D. Miller & Marvin B. Starr, 9 CAL. REAL ESTATE § 25B:107 (3d ed. 2014).

On appeal, the Association in essence argues that its proof of claim was an action to recover possession of the common area property that Paterno encroached on, so CCP § 336(b) does not apply. In support of its position, the Association cites <u>Kapner v. Meadowlark Ranch Ass'n</u>, 116 Cal.App.4th 1182, 1189 (2004). <u>Kapner</u> held that CCP § 336(b) does not apply to actions to recover possession of commonly owned real property encroached on by one of residents of a development, who thereby excludes from the commonly owned property other residents of the development. <u>Id.</u>

As a threshold matter, we note that nothing in the record

8

before us indicates that the Association raised this argument in the bankruptcy court, and we may decline to consider arguments raised for the first time on appeal. See United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010) ("We need not settle that question, however, because the parties did not raise it in the courts below."); Scovis v. Henrichsen (In re Scovis), 249 F.3d 975, 984 (9th Cir. 2001) (stating that court would not consider argument raised for the first time on appeal absent exceptional circumstances).

More importantly, however, there is a fatal flaw in the Association's argument. Its proof of claim did not seek to recover possession of the common area upon which Paterno encroached. The proof of claim merely sought to enforce the fines the Association had imposed against Paterno for violation of the restrictions set forth in the Amended Declaration of Restrictions. As such, the proof of claim falls squarely within the scope of CCP § 336(b). See generally Pac. Hills Homeowners Assn. v. Prun, 160 Cal.App.4th 1557, 1563-64 (2008) (holding that CCP § 336(b) applies to any action to enforce a restriction on real property regardless of whether the restriction is set forth in a recorded document).

At oral argument, counsel for the Association suggested that the bankruptcy court's order disallowing its claim could be construed as holding that the Association is time barred from pursuing an action to recover possession of the real property upon which Paterno allegedly encroached. We disagree. The order only ruled upon the proof of claim the Association filed and that claim only asserted a right to payment based on fines for

9

violation of the restrictions set forth in the Association's Amended Declaration of Restrictions. Thus, the Association's concern regarding the scope of the bankruptcy court's ruling is unfounded.

The applicability of CCP § 336(b) is the only argument the Association made in its appeal brief. While the Association's statement of issues in its brief raised questions regarding some of the bankruptcy court's findings of fact, the argument the Association made in its brief did not challenge any findings. When arguments are not specifically and distinctly made in the appellant's opening brief, those arguments typically are deemed forfeited. See, e.g., Christian Legal Soc'y v. Wu, 626 F.3d 483, 487–88 (9th Cir. 2010); Brownfield v. City of Yakima, 612 F.3d 1140, 1149 n.4 (9th Cir. 2010) (citing Greenwood v. F.A.A., 28 F.3d 971, 977 (9th Cir. 1994)).

Even if we were to review the bankruptcy court's findings, we perceive no reversible error. The Association apparently disputes the bankruptcy court's determination that the Association did not exercise reasonable diligence and that, if the Association had exercised reasonable diligence, it would have discovered the extent of any encroachment in 2006, when Paterno made the improvements. These determinations were findings of fact. See Fox v. Ethicon Endo-Surgery, Inc., 35 Cal.4th 797, 810 (2005); see also Leaf v. City of San Mateo, 104 Cal.App.3d 398, 409 (1980) ("Whether plaintiffs in fact exercised reasonable diligence in discovering the negligence of defendant City of San Mateo is a question of fact.").

As indicated in the standards of review section above, in

10

reviewing the bankruptcy court's factual findings, we cannot reverse unless those findings were illogical, implausible or without support in the record. In re Retz, 606 F.3d at 1196. The Association has not demonstrated any of these criteria for reversal. Nor, on this record, are any of these criteria apparent.

This is not a case where the bankruptcy court imposed a general duty of care on the Association requiring it in all instances to demand site surveys before permitting homeowners to make landscaping improvements. We would be reluctant to uphold the imposition of such a general duty of care. Instead, the bankruptcy court's diligence findings were based on the unique facts of this case. These facts included Paterno's July 2006 admission to the Association's board of directors that he did not know where the boundary lines of his lot were located. These facts also included Paterno's September 2006 board meeting presentation of his landscaping plans, which proposed to construct walls just within the purported boundaries of his lot.

"A plaintiff has reason to discover a cause of action when he or she 'has reason at least to suspect a factual basis for its elements.'" Fox, 35 Cal.4th at 807 (quoting Norgart v. Upjohn Co. 21 Cal.4th 383, 398 (1999)). The Association's lack of subjective suspicion regarding Paterno's landscaping proposals is irrelevant because the measure is an objective standard. See Wilshire Westwood Assoc. v. Atl. Richfield Co., 20 Cal.App.4th 732, (1993); Mangini v. Aerojet-Gen. Corp., 230 Cal.App.3d 1125, 1150 (1991). Once the Association became aware of facts that would have made a reasonably prudent person suspicious – like

11

Paterno's admitted ignorance of his property lines followed soon after by his proposal to build walls just within the purported boundaries of his lot – the Association had a duty to investigate further and is charged with knowledge of those matters that would have been revealed by such investigation. Id.

The record here establishes that, when the Association ordered a survey of Paterno's lot in 2012, the survey concluded that Paterno's improvements had encroached on the common area. On this record, we cannot hold as clearly erroneous the bankruptcy court's findings that the Association should have required Paterno in 2006, at his own expense, to order such a survey of his lot as a prerequisite to approving his landscaping plans and that, had such a survey been ordered, the extent (if any) of Paterno's encroachment would have been apparent to the Association.

In sum, we perceive no reversible error in the bankruptcy court's determination that the limitations period under CCP § 336(b) began to run in 2006, when Paterno constructed his landscaping improvements and by which time the Association, with the aid of a site survey, should have known whether Paterno's improvements encroached on the common area.

## CONCLUSION

For the reasons set forth above, we AFFIRM the bankruptcy court's order sustaining Paterno's claim objection and disallowing the Association's claim.

12